**In re Angela D. REMBERT, Debtor.**

**KFJ Enterprises, LLC D/B/A Aaron's Rental, Movant,**

v.

**Angela D. Rembert, Respondent.**

**No. 1–02–05597.**

United States Bankruptcy Court, M.D. Pennsylvania.

May 28, 2003.

---

Albert N. Peterlin, Esq., Lemoyne, PA, Attorney for KFJ Enterprises, LLC D/B/A Aaron's Rental.

Lawrence G. Frank, Esq., Harrisburg, PA, Attorney for Debtor.

Charles J. Dehart III, Esq., Hummelstown, PA, Chapter 13 Trustee.

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN; MOTION FOR RELIEF FROM STAY OR FOR ADEQUATE PROTECTION

WARREN W. BENTZ, Bankruptcy Judge.

### OPINION

#### Introduction

Angela D. Rembert ("Debtor") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on October 10, 2002. On January 29, 2002, Debtor entered into a rent-to-own agreement ("RTO Agreement") with KFJ Enterprises, LLC d/b/a Aaron's Rental ("Aaron's").

Under the terms of the RTO Agreement, Aaron's provided and Debtor took possession of a used refrigerator and a used stove (the "Goods") and agreed to pay rent on a monthly basis. At the end of each monthly rental period, Debtor could choose either to return the Goods or to keep the Goods and pay for an additional period. After payment of 18 monthly rental payments, the RTO Agreement provides that Debtor becomes the owner of the Goods. Debtor made an initial monthly payment of $192.79 and seven monthly renewal payments of $192.79. Debtor did not make the payment which was due at the end of September, 2002, and the bankruptcy was filed shortly thereafter.

Debtor treats Aaron's as an unsecured creditor in her bankruptcy schedules and proposed Chapter 13 plan. Debtor posits that the RTO Agreement is actually an installment sale agreement and has "no reservation of a security interest or a purchase money lien...and therefore, [Aaron's] is nothing more than an unsecured creditor."

Aaron's posits that the RTO Agreement is a lease which the Debtor had the right to terminate at will. Aaron's asserts that the RTO Agreement does not provide for an installment sale and therefore the reservation of a security interest is not necessary. Aaron's opposes confirmation of Debtor's Plan and seeks relief from the automatic stay, or in the alternative, adequate protection payments.

The Pennsylvania Rental–Purchase Agreement Act, 69 Pa. Cons.Stat. Ann.

§ 6901–6911 (Purdon, 2000) ("RPAA"), as initially enacted in 1996, provides in pertinent part:

§ 6902. Definitions

The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

. . .

"Rental-purchase agreement." An agreement for the use of personal property by an individual primarily for personal, family or household purposes for an initial period of four months or less that is automatically renewable with each rental payment after the initial period and that permits the lessee to acquire ownership of the property. It does not include nor is it subject to laws governing any of the following:

. . .

(6) A retail installment sale, retail installment contract or retail installment account as defined in the act of October 28, 1966 (1st Sp.Sess., P.L. 55, No. 7), known as the Goods and Services Installment Sales Act.

. . .

69 Pa. Cons.Stat. Ann. § 6902 (Purdon, 2000). (footnote omitted)

The Pennsylvania Court of Common Pleas addresses the issue of whether the Goods and Services Installment Sales Act ("GSISA"), 69 Pa. Cons.Stat. Ann. § 1201–2303, or the RPAA applies to rental-purchase agreements in *Anoushian v. Rent–Rite, Inc.*, Nos. 2679 Nov. Term 2001, Control 031032, Control 031291, 2002 WL 1023438 (Pa.Com.Pl., May 10, 2002).

In *Anoushian,* the Plaintiff executed three rental-purchase agreements for the purpose of acquiring items of household furniture and jewelry from Rent–Rite ("Agreements"). Under the Agreements, Plaintiff acquired ownership of the property after making rental payments for a specified period of time and the Agreements allowed for termination of the arrangement at any time. The issue involved an interpretation of the meaning of the language of the RPAA that defines a "rental purchase agreement," in particular, the meaning of the following provisions:

"It *does not include nor is it subject to laws governing any of the following:*

. . .

(6) A retail installment sale, retail installment contract or retail installment account.

The *Anoushian* Court determined that the definitional statute must be read that a rental purchase agreement *does not include* a retail installment sale, retail installment contract, or retail installment account. The Court determined that the Agreements met the definition of retail installment contracts under the GSISA and therefore, the GSISA was applicable and the RPAA irrelevant. *Id.* at *2.

Following the *Anoushian* decision, the definitional statute was amended.

The December, 2002 amendment to the definition of rental-purchase agreement, substituted "the term shall not be construed to be, nor is it subject to laws governing," for "It does not include nor is it subject to laws governing." 42 Pa. Cons.Stat. Ann. § 6902 (Purdon Supp. Pamph.2003).

█ Where the *Anoushian* court found that a rental-purchase agreement *does not include* a retail installment sale, and went on to find that rental-purchase agreement was a retail installment sale, the statute now reads that a rental-purchase agreement *shall not be construed to be* a retail installment sale. Since a rental-purchase agreement can no longer be construed to

be a retail installment sale, the RTO Agreement is subject to the RPAA.

There are numerous bankruptcy cases involving state statutes similar to the RPAA that cover rental-purchase agreements. Many of them hold that the rental-purchase agreements are "true leases" and not security agreements. *In re Minton,* 271 B.R. 335 (Bankr.D.Ark.2001); *In re Street,* 214 B.R. 779 (Bankr.W.D.Pa. 1997); *In re Harkness,* No. 97–24935MBM, 1997 WL 812998 (Bankr. W.D.Pa. Nov.10, 1997). Other bankruptcy courts hold that rental-purchase agreements are neither true leases or security agreements, but are peculiar creatures of consumer financing sufficiently executory to fall within § 365 of the Bankruptcy Code that governs executory contracts. *In re Knowles,* 253 B.R. 412 (Bankr. E.D.Ky.2000); *In re Stellman,* 237 B.R. 759 (Bankr.D Idaho 1999); *In re Trusty,* 189 B.R. 977 (Bankr.N.D.Ala.1995). No bankruptcy court applying a state rental-purchase agreement statute found that such agreements were security instruments.

The Court of Appeals for the Third Circuit has examined the issue of whether rent-to-own agreements are credit sales for the purposes of the Truth in Lending Act, 15 U.S.C. § 160 *et. seq. Ortiz v. Rental Management, Inc.,* 65 F.3d 335 (3d Cir.1995). As part of its analysis, the Court in *Ortiz* states:

> Additionally, as one court has explained, "[a]lthough the renters may have an economic incentive to make the number of rental payments necessary to acquire ownership of the goods, the agreements provide them the right to terminate at any time." *In re Hanley,* 135 B.R. 311, 313 n. 1 (C.D.Ill.1990). Thus, "[t]he contractual right to terminate precludes a finding that rent-to-own agreements are truly sales with a forfeiture of the prop-

erty upon termination of payments." *Id.* We find the *Hanley* court's analysis persuasive.

*Ortiz* at 341–42.

"When an agreement comports with the terms of the Rental–Purchase Agreement Act it is a lease and not a security interest." *In re Street,* 214 B.R. 779, 782 (Bankr.W.D.Pa.1997). "Property interests are created and defined by state law." *Butner v. U.S.,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The Pennsylvania legislature has determined that interests arising under rental-purchase agreements such as the RTO Agreement at issue are leases. *In re Street,* 214 B.R. at 782.

Debtor is a lessee of the Goods and must either provide for the assumption and prompt cure of the lease, or surrender the Goods to Aaron's. An appropriate Order will be entered.

## ORDER

This _____ day of May, 2003, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The objection by KFJ Enterprises, LLC d/b/a Aaron's Rental ("Aaron's") to confirmation of Debtor's Chapter 13 is SUSTAINED.

2. Debtor shall, within 10 days, either surrender the leased stove and refrigerator to Aaron's, or make a monthly payment directly to Aaron's in the amount of $192.79 and file an Amended Plan which provides for the assumption and cure of the Lease.