**In re Taliha R. PORTERFIELD, Debtor.**

**No. 05–23754–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

Aug. 31, 2005.

Beverly Fox, Esq., Plantation, FL, for debtor.

## ORDER COMPELLING DEBTOR TO ASSUME OR REJECT THE RENTAL–PURCHASE AGREEMENTS AS UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365

PAUL G. HYMAN, JR., Bankruptcy Judge.

**THIS MATTER** came before the Court for hearing on August 22, 2005, upon Rent–A–Center Inc.'s ("Creditor") Motion for Relief from Automatic Stay (the "Stay Relief Motion") and Taliha R. Porterfield's ("Debtor") Motion to Value Collateral (the "Motion to Value Collateral"). The Court has considered the Stay Relief Motion, the Motion to Value Collateral, applicable law, arguments of counsel, and is otherwise fully advised in the premises.

### FINDINGS OF FACT

On February 28, 2005 and March 3, 2005, Debtor entered into three rental-purchase agreements (the "Rental–Purchase Agreements") with Creditor obligating herself to pay Creditor initial weekly rental payments of $118.46 (the "Rental Payments") in the aggregate to lease certain rental property (the "Rental Property")[1] owned by Creditor. The Rental–Purchase Agreements were automatically renewed on a weekly basis so long as Debtor continued making the Rental Payments. Debtor could obtain ownership if she exercised an early purchase option and paid the required consideration, which she failed to do. On June 11, 2005, after making twelve (12) weekly rental payments, Debtor defaulted on the Rental Payments. Pursuant to the Rental–Purchase Agreements, Creditor has the right to take possession of the Rental Property and to recover the Rental Payments due.

On June 17, 2005, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and on July 27, 2005, Debtor's case was converted to a Chapter 13. On July 15, 2005, Debtor filed the Motion to Value Collateral where she asserted an ownership interest in the Rental Property and sought to strip the value of the Rental Property to $1,000 to suit her Chapter 13 plan. On August 8, 2005. Creditor filed its Objection to the Motion to Value Collateral and also filed the Stay Relief Motion, seeking *inter alia* turnover of the Rental Property.

---

1. The Rental Property consisted of one new Hitachi 51″ Rear Projection Big Screen High Definition Television, one new living room set (sleeper sectional sofa with recliners), and one new bedroom set (headboard, dresser, mirror, 2 nightstands, armoire).

### *CONCLUSIONS OF LAW*

▮ Property interests in bankruptcy are created and defined by state law. *See, e.g., Butner v. United States, et al.,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *American Bankers Ins. Co. of Florida v. Maness,* 101 F.3d 358, 363 (4th Cir.1996). Under Florida's Rental Purchase Agreement Act, a "Rental-purchase agreement" is defined as an agreement for the use of personal property by a natural person primarily for personal, family, or household purposes, for an initial period of 4 months or less, that is automatically renewed with each rental payment after the initial period and that permits the lessee to acquire ownership of the property. Florida Statute § 559.9232(1)(e). Furthermore, under Florida law rental-purchase agreements shall not be construed as retail installment contracts or security interests. Florida Statute § 559.9232(2)(e) & (f). In this case, the Rental–Purchase Agreements fall within the definition of a rental-purchase agreement as provided under Florida's Rental Purchase Agreement Act.

Bankruptcy Courts analyzing state statutes similar to Florida's Rental Purchase Agreement Act have held that rental-purchase agreements are "true leases" and not security agreements and fall within 11 U.S.C. § 365 which governs executory contracts and leases. *See In re Rembert,* 293 B.R. 664, 667 (Bankr.M.D.Pa.2003) (finding that the rent-to-own agreement was a lease under Pennsylvania's Rental–Purchase Agreement Act); *In re Osborne,* 170 B.R. 367, 370 (Bankr.M.D.Tenn.1994) (holding that rent-to-own contracts were leases under the Tennessee Rental–Purchase Agreement Act). Other bankruptcy courts have held that rental-purchase agreements are neither true leases nor security agreements, but are peculiar creatures of consumer financing sufficiently executory to fall within 11 U.S.C. § 365. *See In re Knowles,* 253 B.R. 412, 416 (Bankr.

E.D.Ky.2000). Accordingly, the Court finds that the Rental–Purchase Agreements are leases and shall be treated as unexpired executory leases, which Debtor must assume or reject in accordance with 11 U.S.C. § 365. Based upon the Court's finding that the Rental–Purchase Agreements are unexpired executory leases and not security interests, the Motion to Value Collateral shall be denied.

### *ORDER*

Having reviewed the Stay Relief Motion, applicable law, arguments of counsel and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1.  Within ten (10) days of the entry of this order, Debtor must file a motion to assume or reject the Rental–Purchase Agreements as unexpired leases pursuant to 11 U.S.C. § 365.

2.  If Debtor assumes the Rental–Purchase Agreements, Creditor's Stay Relief Motion shall be DENIED, and Debtor must cure all pre-petition and post-petition defaults and file an Amended Chapter 13 Plan assuming all obligations under the Rental–Purchase Agreements within ten (10) days from entry of this Order.

3.  If Debtor rejects the Rental–Purchase Agreements, the Stay Relief Motion shall be **GRANTED**, and Debtor must forthwith surrender the Rental Property to Creditor within ten (10) days from entry of this Order. Creditor may then file a proof of claim as an unsecured creditor through the date of the return of the Rental Property based upon Debtor's default on the Rental Payments. The amount of Creditor's

claim shall be subject to any appropriate objection by Debtor.

4. The Motion to Value Collateral shall be DENIED based upon the Court's finding that the Rental–Purchase Agreements are unexpired executory leases and not security interests.

5. Jurisdiction is hereby reserved for consideration of a Motion for Attorney's Fees and Costs by Creditor.